| | |
|---|---|
| DISTRICT COURT ARAPAHOE COUNTY, COLORADO<br>Arapahoe County Courthouse<br>7325 S. Potomac St., Centennial, CO 80112<br><br><br>**PLAINTIFF:** BENJAMIN STONE,<br>DAYLE MORNINGSTAR, and<br>LOREE CUTTS,<br>on their own behalf and on behalf of others<br>similarly situated,<br><br>**v.**<br><br>**DEFENDANTS:**  AIR METHODS CORP., and<br>TRI-STATE CARE FLIGHT, L.L.C. | DATE FILED: September 6, 2018 4:46 PM<br>FILING ID: 35168C0DB0F55<br>CASE NUMBER: 2018CV32140 |
| *Attorneys for Plaintiffs:*<br><br>Andrew H. Turner, Atty. Reg.  #43869<br>Ashley K. Boothby, Atty. Reg. #46571<br>**THE KELMAN BUESCHER FIRM**<br>600 Grant Street, Suite 450<br>Denver, CO  80203<br>Phone Number: 303.333.7751<br>Fax Number: 303.333.7758<br>aturner@laborlawdenver.com<br>aboothby@laborlawdenver.com<br><br>Nicholas J. Enoch, Atty. Reg. #27113<br>Kaitlyn Redfield-Ortiz, Reg. #51053<br>**LUBIN & ENOCH, PC**<br>999 18th Street, Suite 3000<br>Denver, CO 80202<br>Phone: (303) 595-0008<br>Fax: (602) 626-3586<br>nick@lubinandenoch.com | Case Number:<br><br><br><br><br><br>Ctrm/Div: |
| **CLASS ACTION COMPLAINT FOR UNPAID WAGES** | |

# EXHIBIT A

Come now Plaintiffs Benjamin Stone, Dayle Morningstar, and Loree Cutts, on behalf of themselves and all others similarly situated, by and through their counsel of record, who hereby submit their Class Action Complaint for Unpaid Wages, against Defendants Tri-State Careflight LLC (Tri-State) and Air Methods Corporation (Air Methods) (collectively "Defendants").

## STATEMENT OF THE CASE

1. Defendants owned and operated an aerial medical transportation service that operated in Colorado.

2. Defendants employed emergency medical technician (EMT) paramedics ("flight paramedics"), registered nurses ("flight nurses"), and pilots at each of their Colorado flight "base" locations, including in Durango, Montrose, and Eagle.

3. This wage-and-hour litigation arises from Defendants' former employment of Plaintiffs Benjamin Stone, Dayle Morningstar, and Loree Cutts (collectively "Plaintiffs"), as well as other similarly-situated flight paramedics and flight nurses.

4. Along with a pilot, the flight nurses and paramedics employed by Defendants flew in one of Defendants' helicopters or planes, and provided on-site emergency medical services, treatment, and transportation to critically injured or ill patients who were located in remote locations (or in locations where it was impractical or impossible to use a conventional ground ambulance (*e.g.* mountainous terrain)). The flight nurses and paramedics also transported patients from smaller, rural hospitals and clinics to larger hospitals, and assisted with traffic accidents. When they were not assisting and/or transporting patients, Plaintiffs and the other flight nurses and paramedics employed by Defendants completed clinical educational duties, performed administrative work, and did a variety of chores at Defendants' flight bases.

5.  Defendants' flight nurses and paramedics, including Plaintiffs, were paid on an hourly basis.

6.  Defendants' flight nurses and paramedics, including Plaintiffs, regularly worked more than forty (40) hours per week.

7.  Defendants' flight nurses and paramedics, including Plaintiffs, regularly worked more than twelve (12) hours per workday.

8.  Work shifts for Defendants' flight nurses and paramedics, including Plaintiffs, typically lasted twenty-four (24) or forty-eight (48) straight hours.

9.  Work performed by Defendants' flight nurses and paramedics, including Plaintiffs, was subject to the Colorado Minimum Wages of Workers Act (CMWWA).

10. Defendants' flight nurses and paramedics, including Plaintiffs, were not eligible for overtime exemptions under the CMWWA, as implemented by the Colorado Minimum Wage Order, 7 C.C.R. 1103-1.

11. Work performed by Defendants' flight nurses and paramedics, including Plaintiffs, was subject to the provisions of Colorado Wage Claim Act (CWCA), C.R.S. § 8-4-109 *et seq*.

12. Defendants' flight nurses and paramedics, including Plaintiffs, were not eligible for overtime exemptions under the CWCA, as implemented by the Colorado Minimum Wage Order, 7 C.C.R. 1103-1.

13. Defendants' flight nurses and paramedics, including Plaintiffs, were not compensated at one-and-one-half-times their regular rate for all hours they worked in excess of forty (40) in a workweek, or over twelve (12) in a workday, or at one-and-one-half times their regular rate for all hours they worked over twelve (12) without regard to the start or end time of the workday, as required by the Colorado Minimum Wage Order, 7 C.C.R.

1103-1.

14. Rather, Defendants' overtime pay policy was as follows:

> Anything over ninety-six hours (96 hours) [in a two-week pay period] is considered overtime which is paid at 1 1/2 [your regular wage rate]. You will not receive overtime for shift trades, paid personal leave time, and/or any training/clinical shifts that exceed ninety-six hours (96 hours) unless otherwise approved by a supervisor.

(*See* Ex. 1, attached hereto).

15. Under this overtime policy, Defendants paid Plaintiffs and other flight nurses and paramedics their regular hourly rates (i.e., "straight time") for any overtime hours worked under ninety-six (96) in a two-week time period, rather than the legally required one and one-half times their regular rate of pay for those hours.

16. By failing to pay Plaintiffs and other flight nurses and paramedics the required minimum overtime wages for their work, Defendants violated the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 *et seq*., as implemented by the Colorado Minimum Wage Order, 7 C.C.R. 1103-1.

17. By failing to pay Plaintiffs and other flight nurses and paramedics the required minimum overtime wages for their work, Defendants violated the Colorado Wage Claim Act, C.R.S. § 8-4-109 *et seq*., because that Act requires employers to pay their employees all earned, vested and determinable wages unpaid at the time of separation from employment.

## THE PARTIES

18. Benjamin Stone was employed by Defendants as a flight paramedic in Colorado, from approximately January 2012 through approximately April 2016.

19. Dayle Morningstar was employed by Defendants as a flight paramedic in Colorado, from approximately July 2013 to approximately June 2016.

4

20. Loree Cutts was employed by Defendants as a flight nurse in Colorado, from approximately December 2014 through approximately March 2016.

21. Defendant Tri-State is an Arizona limited liability company (LLC). Upon information and belief, Defendant Air Methods is now the lone member of Defendant Tri-State.

22. Defendant Air Methods is a Colorado corporation.

23. Defendant Air Methods is a *bona fine* successor to Defendant Tri-State.

24. Defendant Tri-State has ceased operation.

25. Defendant Air Methods is a going concern.

26. Upon information and belief, Defendant Air Methods assumed the workforce, contracts, equipment, facilities, and real estate of the business previously operated as Tri-State.

27. Defendant Air Methods operates from the same flight bases from which Defendant Tri-State formerly operated.

28. Defendant Air Methods employs the same or substantially the same workforce formerly employed by Tri-State.

29. Defendant Tri-State employed Plaintiffs Stone, Morningstar, and Cutts (as well as other absent class members) when Air Methods purchased Tri-State in approximately November of 2015.

30. Defendant Air Methods came to employ Plaintiffs Stone, Morningstar, and Cutts (as well as other absent class members) after it purchased Tri-State in approximately November of 2015.

31. Employees of Tri-State – including Plaintiffs Stone, Morningstar, and Cutts – became employees of Defendant Air Methods without applying for re-hire by that entity.

32. Defendant Air Methods employed workers – including Plaintiffs Stone, Morningstar, and

Cutts – under substantially the same working conditions which pertained to workers employed by Tri-State.

33. Defendant Air Methods employs and employed workers under the same supervision, in the same facilities, using the same tools and vehicles, at the same wage rates, and doing the same jobs they performed for Tri-State.

34. After Air Methods purchased Tri-State, Tri-State continued to issue payroll checks to Plaintiffs.

35. Upon information and belief, Defendant Air Methods employs some supervisors formerly employed by Defendant Tri-State.

36. Defendant Air Methods uses some of the same vehicles, aircraft, machinery, tools, and equipment formerly used by Defendant Tri-State.

37. Defendant Air Methods uses some of the same work rules, methods and procedures formerly used by Defendant Tri-State.

38. Defendant Air Methods provides the same services formerly provided by Defendant Tri-State.

39. Upon information and belief, Defendant Air Methods is a secured creditor of Defendant Tri-State.

40. Defendant Air Methods has not substantially changed the business operations of Defendant Tri-State.

41. Upon information and belief, Defendant Air Methods has and had notice (at times relevant to this action) of Tri-State's unlawful wage practices.

42. Upon information and belief, Defendant Tri-State lacks the ability to provide relief to Plaintiffs.

43. Upon information and belief, Defendant Air Methods has the ability to provide relief to the Plaintiffs.

## JURISDICTION AND VENUE

44. Plaintiff Stone is a resident of Colorado and is domiciled in Durango, Colorado.

45. Plaintiff Morningstar is a resident of Colorado and is domiciled in Durango, Colorado.

46. Plaintiff Cutts is a resident of Colorado and is domiciled in Grand Junction, Colorado.

47. Defendant Air Methods is a corporation with its primary place of business in Englewood, Colorado.

48. Defendant Air Methods was an "employer" within the meaning of the CMWWA and the CWCA.

49. Plaintiffs were Air Method's "employees" within the meaning of the CMWWA and the CWCA.

50. Defendant Tri-State is an Arizona LLC with all of its members domiciled in Colorado.

51. Defendant Tri-State was an "employer" within the meaning of the CMWWA and the CWCA.

52. Plaintiffs were Tri-State's "employees" within the meaning of the CMWWA and the CWCA.

53. This Court has jurisdiction over the parties and subject matter of this action pursuant to The Colorado Long-Arm Statute, C.R.S. § 13-1-124.

54. Venue in this Court is proper pursuant to COLO. R. CIV. P. 98 because Defendant Air Methods resides in this County and conducted business in this County.

## CLASS ACTION ALLEGATIONS

55. Plaintiffs assert their claims as a C.R.C.P. 23(b)(3) class action, on their own behalf and

on behalf a class for which Plaintiffs seek certification.

56. Pending any modifications necessitated by discovery, Plaintiffs assert their claims under the Colorado Minimum Wages of Workers Act (CMWWA) and the Colorado Wage Claim Act (CWCA), on behalf of a class preliminarily defined as follows:

> *All flight paramedics and flight nurses who were employed by Defendants in Colorado for a work week over 40 hours and/or a work day over 12 hours at any time between September 1, 2014 and June 1, 2016.*

57. The named Plaintiffs worked with the other members of the alleged class, and shared common terms and conditions of employment with them. The named Plaintiffs were subjected to the same unlawful overtime pay policy, and thus suffered the same harms, as did the other members of the proposed class. Specifically, Defendants uniformly denied the named Plaintiffs and all other members of the proposed class overtime pay for the hours they worked over forty (40) per week, but compensated Plaintiffs and all other flight paramedics and flight nurses solely at "straight time" rates for all hours they worked up to ninety-six (96) per two-week pay period. Defendants also denied overtime pay for the hours Plaintiffs and other members of the class worked in excess of twelve (12) in a single workday, or in excess of twelve (12) consecutive hours without regard to the starting and ending time of the workday. 7 CCR 1103-1(4); 1103(6)(d).

58. On information and belief, the proposed class is so numerous that joinder of all members is impracticable. Plaintiffs do not know the precise size of the potential class because that information is within Defendants' control. However, Plaintiffs believe and allege that the number of potential class members is in the range of 40 to 50 separate individuals. Membership in the class is readily ascertainable from Defendants' employment records.

59. Numerous questions of law and fact regarding Defendants' liability are common to the

putative class and predominate over any individual issues which may exist, as all claims are based on an overtime policy that was uniformly applied to all flight nurses and flight paramedics.  Common questions of law and fact include, for example:

    a.  Whether Defendants failed to pay Plaintiffs and the putative class one and one-half times their regular rate for any hours worked in a two-week pay period in excess of forty (40) hours but below ninety-six (96) hours;

    b.  Whether Defendants failed to pay Plaintiffs and the putative class one and one-half times their regular rate for any hours worked over twelve (12) in a given workday or over twelve (12) without regard for the starting or ending time of the workday;

    c.  Whether Defendants' overtime policy was a violation of the CWCA, C.R.S. § 8-4-109 *et seq.* as implemented by the Colorado Minimum Wage Order, 7 C.C.R. 1103-1;

    d.  Whether Defendants' overtime policy was a violation of the CMWWA, C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Minimum Wage Order, 7 C.C.R. 1103-1;

    e.  Whether Defendants' violations of the CWCA and the CMWWA were willful; and

    f.  Whether Air Methods was a *bona fide* successor to Tri-State.

60. The claims presented by the putative class representatives are typical of those possessed by all members of the proposed class.  This is an uncomplicated case of the failure to properly pay overtime wages.  The overtime claims at issue arise from Defendants' policy, which was applicable to Plaintiffs and all members of the proposed class; each member of

the proposed class thus suffered the same overtime pay violations that the named Plaintiffs challenge with their claims.  Accordingly, if Defendants' failure to pay overtime was unlawful as to the representative Plaintiffs, it was also unlawful as to all members of the proposed class.  Conversely, if Defendants' conduct was lawful, it was also lawful as to all members of the proposed class.

61. Defendants have acted and refused to act on grounds generally applicable to all members of the proposed class.  Specifically, the failure to pay overtime is the result of a general policy that was uniformly applicable to all of Defendants' flight nurses and flight paramedics in Colorado.  As such, Defendants acted on the same grounds with respect to the entire proposed class.

62. The representative parties will fairly and adequately protect the interests of the proposed class.  Because all class members were subject to the same violations of law perpetrated by Defendants, the interests of absent class members are coincident with, and not antagonistic to, those of the named Plaintiffs.  The named representatives will also litigate the absent class members' claims fully.

63. The named representatives are represented by counsel experienced in the class action litigation of wage and overtime claims.

64. As set forth in ¶ 59, *supra*, questions of law and fact common to the proposed class predominate over any questions affecting only individual members, and class treatment is superior to other available methods for fairly and efficiently adjudicating the controversy.

65. Plaintiffs are unaware of any members of the putative class who are interested in presenting their claims in a separate action.  Plaintiffs are unaware of any litigation concerning this controversy which has already been commenced by any member of the putative class.

66. It is desirable to concentrate this litigation in this forum because all claims arose in this judicial district and doing so serves the interests of justice and efficiency.

67. There are not likely to be difficulties in managing the proposed class. The contours of the proposed class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. *See* 7 CCR 1103-1 at 12; 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the proposed class were recently employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member. *See id.*

**COUNT I –VIOLATION OF THE COLORADO MINIMUM WAGES OF WORKERS ACT, C.R.S. 8-6-101, *et seq*., AS IMPLEMENTED BY THE COLORADO MINIMUM WAGE ORDER, 7 C.C.R. 1103-1**

68. Plaintiffs re-allege and incorporate by reference the allegations contained in ¶¶ 1-67, *supra*, as if fully set forth herein.

69. As set forth in ¶ 56 above, all named Plaintiffs assert this claim against Defendants on behalf of a class of:

> *All flight paramedics and flight nurses who were employed by Defendants in Colorado for a work week over 40 hours and/or a work day over 12 hours at any time between September 1, 2014 and June 1, 2016.*

70. Defendants were an "employer," as that term is defined by the Colorado Minimum Wage Order ("Wage Order"), because they employed Plaintiffs in the state of Colorado. 7 C.C.R. 1103-1(2).

71. Plaintiffs were Defendants' "employees," as that term is defined by the Wage Order, because Plaintiffs performed labor or services in Colorado for the benefit of Defendants, and Defendants commanded when, where, and how such labor or services would be performed. 7 C.C.R. 1103-1(2).

72. Since at least 2006, Defendants were in the "Health and Medical" industry, as that term is

11

defined by Colorado Minimum Wage Order, 7 CCR 1103-1(2)(D).

73. Defendants employed Plaintiffs in an industry regulated by the Wage Order, 7 CCR 1103-1(2)(D).

74. Defendants were required to pay Plaintiffs overtime wages (i.e., a time-and-a-half rate) for any hours Plaintiffs worked in excess of forty (40) in each workweek. *See* 7 CCR 1103-1(4); 1103(6)(d).

75. Defendants failed to pay Plaintiffs overtime wages for any hours they worked in excess of forty (40) in each workweek, paying an overtime premium only for any hours that exceeded ninety-six (96) in a given two-week pay period.

76. Because Defendants were required to pay overtime wages for any hours worked in excess of forty (40) each workweek, but failed to do so, Defendants were not eligible for the "Medical Transportation Industry" overtime exemption provided at 7 CCR 1103-1(6)(d). *See id.* (emphasis added) ("[E]mployees of the medical transportation industry who are scheduled to work twenty-four (24) hour shifts[] are exempt from the twelve (12) hour overtime requirement *provided they receive overtime wages for hours worked in excess of forty (40) hours per work week*.").

77. Defendants were required to pay Plaintiffs overtime wages for any hours they worked over twelve (12) in a single workday. 7 CCR 1103-1(4); 1103(6)(d).

78. Defendants were required to pay Plaintiffs overtime wages for any hours they worked in excess of twelve (12) consecutive hours without regard to the starting and ending time of the workday. 7 CCR 1103-1(4); 1103(6)(d).

79. Defendants violated the CMWWA as implemented by the Wage Order when they failed to pay Plaintiffs overtime wages for any hours they worked over twelve (12) in each given

work day.  7 CCR 1103-1(4).

80. Defendants violated the CMWWA as implemented by the Wage Order when they failed

   to pay Plaintiffs overtime wages for any hours they worked in excess of twelve (12)

   consecutive hours without regard to the starting and ending time of the workday.  7 CCR

   1103-1(4).

81. Defendants' violations of the CMWWA were willful.  As a company operating in

   Colorado, Defendants were or should have been aware that Plaintiffs were performing

   work that required payment of overtime compensation.  *See* 7 CCR 1103-1(4);

   1103(6)(d).

82. As a result of Defendants' violations of law, Plaintiffs suffered lost wages and lost use of

   those wages in an amount to be determined at trial.

83. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount

   of overtime wages they are owed, together with reasonable attorney fees and court costs.

   C.R.S. § 8-6-118; 7 C.C.R. 1103-1(18).

**COUNT II – VIOLATION OF THE COLORADO WAGE CLAIM ACT (CWCA),
C.R.S. § 8-4-109 *et seq*., AS IMPLEMENTED BY THE
COLORADO WAGE ORDER (7 CCR 1103-1)**

84. Plaintiffs reallege and incorporate by reference the allegations contained in ¶¶ 1-83, *supra*,

   as if fully set forth herein.

85. As set forth in ¶ 56 *supra*, this Count is asserted by all named Plaintiffs on behalf of a class

   of:

>    *All flight paramedics and flight nurses who were employed by Defendants
>    in Colorado for a work week over 40 hours and/or a work day over 12
>    hours at any time between September 1, 2014 and June 1, 2016.*

86. Plaintiffs were Defendants' "employees" as that term is defined by the Wage Order because

they performed labor or services for the benefit of Defendants in which Defendants commanded when, where, and how such labor or services would be performed.  7 C.C.R. 1103-1(2).

87. Defendants were an "employer" as that term is defined by the Colorado Minimum Wage Order ("Wage Order"), because they employed Plaintiffs and other flight paramedics and nurses in the state of Colorado.  7 C.C.R. 1103-1(2).

88. Defendants were in the "Health and Medical" industry, as that term is defined by Colorado Minimum Wage Order, 7 CCR 1103-1(2)(D).

89. Defendants employed Plaintiffs in an industry regulated by the Wage Order, 7 CCR 1103-1(2)(D).

90. Defendants were required to pay Plaintiffs overtime wages for any hours they worked over forty (40) in each workweek.  7 CCR 1103-1(4); 1103(6)(d).

91. Defendants were required to pay Plaintiffs overtime wages for any hours they worked over twelve (12) in a single workday.  7 CCR 1103-1(4); 1103(6)(d).

92. Defendants were required to pay Plaintiffs overtime wages for any hours worked in excess of twelve (12) consecutive hours without regard to the starting and ending time of the workday.  7 CCR 1103-1(4).

93. Because Defendants were required to pay overtime wages for any hours Plaintiffs worked over forty, but failed to do so, they were not eligible to claim the overtime exemption provided at 7 CCR 1103-1(6)(d).

94. Because Defendants were required to pay overtime wages for any hours Plaintiffs worked over forty (40), and failed to do so, they violated the CWCA.

95. Defendants failed to pay Plaintiffs required overtime wages pursuant to their overtime

policy, which paid overtime premiums only for any hours exceeding ninety-six (96) in a two-week pay period.

96. The overtime wages Defendants denied Plaintiffs constitute earned wages or other compensation owed to the Plaintiffs.  C.R.S. § 8-4-109.

97. Defendants' violations the CWCA were willful.  As a company operating in the state of Colorado, Defendants were or should have been aware that Plaintiffs were performing work that required payment of overtime compensation.  *See* 7 CCR 1103-1(4); 1103(6)(d).

98. As a result of Defendants' violations of law, Plaintiffs have suffered lost wages and lost use of those wages in an amount to be determined at trial.

99. Plaintiffs are entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them, as well as any statutory penalties due, and any reasonable costs or attorneys fees due.  C.R.S. § 8-4-109; C.R.S. § 8-4-110; 7 C.C.R. 1103-1(18).

## COUNT III – UNCOMPENSATED TIME

100.      Plaintiffs reallege and incorporate by reference the allegations contained in ¶¶ 1–54, *supra*, as if fully set forth herein.

101.      This Count is asserted solely by Plaintiff Cutts.

102.      Plaintiff Cutts alleges that she was required to travel significant distances by Defendants, to complete mandatory orientations or to cover for other flight nurses, but was never compensated for this travel time.  Specifically, she alleges that, in approximately January 2015, she was required to travel to Bullhead, Arizona for a mandatory orientation (a total of approximately 1336 round-trip miles); twice, in approximately February 2015, she was required to travel to Defendants' base in Durango, Colorado (from Defendants' base in Montrose, Colorado), to cover for another flight nurse (a total of approximately 428

round-trip miles); in approximately March 2015, she was required to travel to Defendants'

base in Durango, Colorado (from Defendants' base in Montrose, Colorado), for a required

training (a total of approximately 214 round-trip miles); and in approximately May 2015,

she was required to drive from Durango, Colorado to Defendants' facility in Bernallilo,

New Mexico (a total of approximately 400 round-trip miles).  In total, she alleges that she

spent 39.5 hours in required travel from and to Defendants' flight bases and was not

compensated for any of this required travel time.

103.    Cutts used her own personal vehicle in making these trips and was not reimbursed

by Defendants for her mileage, which totaled approximately 2378 miles.

104.    In 2015, the Internal Revenue Service's mileage reimbursement rate was $.575 per

mile.

105.    The wages Defendant denied Plaintiff Cutts for her mandatory travel time

constitute earned minimum wages or other compensation owed to her.  C.R.S. § 8-4-109;

7 C.C.R. 1103-1(2) ("all travel time spent at the control or direction of an employer,

excluding normal home to work travel, shall be considered as time worked."); 7 C.C.R.

1103-1(3).

106.    As a result of Defendants' violations of law, Plaintiff Cutts has suffered lost

wages and lost use of those wages in an amount to be determined at trial.

107.    Plaintiff Cutts is entitled to recover in a civil action the unpaid balance of the full

amount of the wages owed to her for mandatory travel time, as well as any statutory

penalties due, and any reasonable costs or attorneys fees due.  C.R.S. § 8-4-109; C.R.S. §

8-4-110; 7 C.C.R. 1103-1(18).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray and seek an Order from the Court:

1.  Certifying this action as a class action, pursuant to Rule 23 of the Colorado Rules of Civil Procedure, on behalf of each of the Rule 23 sub-classes;

2.  Appointing Plaintiffs as Class Representatives and appointing their counsel as Class Counsel;

3.  Awarding recovery of the unpaid balance of the full amount of overtime wages they are owed pursuant to 7 CCR 1103-1.

4.  Awarding any penalties due pursuant to Colo. Rev. Stat. § 8-4-109(c).

5.  Awarding reasonable attorney fees and court costs pursuant to C.R.S. §§ 8-4-110; 8-6-118; and 7 C.C.R. 1103-1(18).

6.  Awarding such other and further relief as may be necessary and appropriate.

DATED: September 6, 2018

Respectfully submitted,

THE KELMAN BUESCHER FIRM
*/s/ Ashley K. Boothby*
Ashley K. Boothby
Andrew H. Turner
600 Grant St., Ste. 450
Denver, CO 80203
Phone: (303) 333-7751
Fax: (303) 333-7758
aboothby@laborlawdenver.com
aturner@laborlawdenver.com

Nicholas J. Enoch
Kaitlyn Redfield-Ortiz
LUBIN & ENOCH, PC
999 18th Street, Suite 3000
Denver, CO 80202
Phone: (303) 595-0008
Fax: (602) 626-3586
nick@lubinandenoch.com
kaitlyn@lubinandenoch.com

*Attorneys for Plaintiffs*



2000 Hwy 95, Ste. 210                                                    (928) 704-7025
Bullhead City, AZ 86442                                              Fax 704-7026

DATE FILED: September 6, 2018 4:46 PM
FILING ID: 35168C0DB0F55
CASE NUMBER: 2018CV32140

# Offer of Employment

**Via Electronic on December 21, 2011**

Dear Mr. Ben Stone,

Pursuant to your experience and personal interviews, we believe that you would be an asset to TriState CareFlight ("CareFlight"). On behalf of the company, I am pleased to offer you the position of a flight paramedic for CF15 Base located in Eagle, Colorad. This position reports to the clinical base manager and then to the Medical Program Director.

General terms of employment with respect to this position have been attached to this offer letter, under the job description document sent electronic in the same e-mail dated December 21, 2011. If you agree to accept the position, a Confidentiality Agreement will be sent to you with your employment documents for your review, agreement and signature. Once received, please carefully review the agreement, sign and date one copy and return the original signed copies to my attention at the address on this letterhead. Your orientation date will be January 9, 2012 please contact me with any questions you may have regarding this offer letter.

You will be paid a starting hourly rate of $17.30, less applicable tax and other withholdings. You will be paid bi-weekly in accordance with the company's normal payroll procedure. This position is nonexempt position, which means you are paid by the hour and are available to receive overtime benefits. Anything over ninety-six hours(96 hours) is considered overtime which is paid at 1 ½, you will not receive overtime for shift trades, paid personal leave time, and/or any training/clinical shifts that exceed ninety-six hours(96 hours) unless otherwise approved by a supervisor. Bonuses will be given on an annual basis at the end of the calendar year. The amount of the bonuses will depend upon work performance and the company's financial performance in that given year.

CareFlight has a comprehensive benefits package. You will be eligible to participate in various company fringe benefit plans, including group health insurance and 401(k) in accordance with the company's benefit plan requirements. The highlights of the benefits package are as follows with the details to be set forth in the Employment Agreement:

- **Medical Insurance:** Currently, CareFlight will pay 100% of your insurance premiums with respect to medical, dental and vision. Company plans payable by you are available for your spouse or family.

- **Disability Insurance:** CareFlight will pay for short and long term disability insurance if required while employed with the company. The company also complies with all of the state and federal requirements for FMLA and workers' compensation.

Ex 1



- **Life Insurance:** The Company will pay for $100,000.00 of life insurance, giving you the option to purchase up to $500,000.00 of additional life insurance and the premiums may be payroll deducted.

- **401(k):** You may invest in the company's 401(k) plan which begins to vest incrementally after the second year and fully vests at the sixth year. The company currently matches 50% up to the first 8% of contributions after appropriate funding has been made by employee.

- **Paid Time Off:** CareFlight has paid time off ("PTO") for all of its employees which include vacation, sick and personal time.

  Your employment with CareFlight is "at will." This means it is for no specified term and may be terminated by you or the company at any time, with or without cause or advance notice. You will be required to provide CareFlight with documents establishing your identity and right to work in the United States. Those documents must be provided to the company within three business days of your employment start date.

  We hope you accept this position and we look forward to you becoming part of the team at CareFlight.


Sincerely,
Lindsey Ward
*(Print Equivalent to Signature)*

2

☐ **FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

DATE FILED: September 6, 2018 4:46 PM
FILING ID: 35168C0DB0F55
CASE NUMBER: 2018CV32140

| | |
|---|---|
| District Court Arapaho County, Colorado<br>Court Address: 7325 S. Potomac St., Centennial, CO 80112 | |
| Plaintiff(s): BENJAMIN STONE, DAYLE MORNINGSTAR, and LOREE CUTTS, on their own behalf and on behalf of others similarly situated,<br><br>v.<br>Defendant(s): AIR METHODS CORP., and TRI-STATE CARE FLIGHT, L.L.C | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br><br>*Attorneys for Plantiffs:*<br>Andrew H. Turner, Atty. Reg. #43869<br>Ashley K. Boothby, Atty. Reg. #46571<br>**The Kelman Buescher Firm**<br>600 Grant Street, Ste. 825<br>Denver, CO 80203<br>Phone Number: 303-333-7751<br>Fax Number: 303-333-7758<br>aturner@laborlawdenver.com<br>aboothby@laborlawdenver.com<br><br>Nicholas J. Enoch, Atty. Reg. #27113<br>Kaitlyn Redfield-Ortiz, Reg. #51053<br>**Lubin & Enoch, PC**<br>999 18th Street, Suite 3000<br>Denver, CO 80202<br>Phone Number: 303-595-0008<br>FAX Number: 602-626-3586<br>nick@lubinandenoch.com | Case Number:<br><br><br>Division    Courtroom |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

1.  This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in

Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.  Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

☑ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

☐  This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

☐  Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.  ☐  This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

**Date:** 9-6-2018

_____
**Signature of Party or Attorney for Party**

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

| District Court, Arapahoe County, Colorado<br>Court Address: 7325 S. Potomac St., Centennial, CO 80112 | |
|---|---|
| Plaintiff: BENJAMIN STONE, DAYLE MORNINGSTAR, and LOREE CUTTS,<br>on their own behalf and on behalf of others similarly Situated,<br><br>v.<br><br>Defendant: AIR METHODS CORP., and TRI-STATE CARE FLIGHT, L.L.C. | DATE FILED: September 6, 2018 4:46 PM<br>FILING ID: 35168C0DB0F55<br>CASE NUMBER: 2018CV32140<br><br>▲ **COURT USE ONLY** ▲<br><br>Case Number:<br><br>Division:    Courtroom: |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT: <u>Air Methods Corporation, CT Corporation System, 1675 Broadway, Ste. 1200, Denver, CO 80202</u>**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: 9/6/18

    /s/ Andrew H. Turner
Issued by Attorney Andrew H. Turner

  /s/ Andrew H. Turner
Signature of Attorney Andrew H. Turner for Plaintiff

The Kelman Buescher Firm
600 Grant Street, Ste. 825
Denver, CO 80203

303-333-7751
Plaintiff's Phone Number

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

JDF 600   R10-13   DISTRICT COURT CIVIL SUMMONS

| District Court, Arapahoe County, Colorado<br>Court Address:  7325 S. Potomac St., Centennial, CO  80112 | |
|---|---|
| Plaintiff:  BENJAMIN STONE, DAYLE MORNINGSTAR, and LOREE CUTTS,<br>on their own behalf and on behalf of others similarly Situated,<br><br>v.<br><br>Defendant: AIR METHODS CORP., and TRI-STATE CARE FLIGHT, L.L.C. | DATE FILED: September 6, 2018 4:46 PM<br>FILING ID: 35168C0DB0F55<br>CASE NUMBER: 2018CV32140<br><br>▲  COURT USE ONLY  ▲<br><br>Case Number:<br><br>Division:        Courtroom: |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT:** <u>**Tri-State Care Flight, LLC, Care of Registered Agent, CT Corporation/The Corporation Company, 1675 Broadway, Ste. 1200, Denver, CO 80202**</u>

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated:  9/6/18

   /s/ Andrew H. Turner
Issued by Attorney Andrew H. Turner

   /s/ Andrew H. Turner
Signature of Attorney Andrew H. Turner for Plaintiff

The Kelman Buescher Firm
600 Grant Street, Ste. 825
Denver, CO  80203

303-333-7751
Plaintiff's Phone Number

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:**  A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal.  The plaintiff has 14 days from the date this summons was served on you to file the case with the court.  You are responsible for contacting the court to find out whether the case has been filed and obtain the case number.  If the plaintiff files the case within this time, then you must respond as explained in this summons.  If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

JDF 600   R10-13   DISTRICT COURT CIVIL SUMMONS